| | |
|---|---|
| 1 | JASON M. WUCETICH (SBN 222113)<br>jason@wukolaw.com |
| 2 | DIMITRIOS V. KOROVILAS (SBN 247230)<br>dimitri@wukolaw.com |
| 3 | WUCETICH & KOROVILAS LLP<br>222 North Sepulveda Boulevard, Suite 2000 |
| 4 | El Segundo, CA 90245<br>Telephone: (310) 335-2001 |
| 5 | Facsimile: (310) 364-5201 |

E-FILED: 10-01-2012
#73 AND #74

Attorneys for Plaintiff
STEPHANIE WOLFF, individually and
on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE WOLFF, a California resident, individually and on behalf of all others similarly situated,

  Plaintiff,

  v.

HYATT CORPORATION d/b/a Hyatt Regency Century Plaza, a Delaware corporation; NEXT CENTURY ASSOCIATES, LLC, a California limited liability company; STANDARD PARKING CORPORATION, a Delaware corporation; CENTURY CITY GARAGE PARTNERS, L.P., a Delaware limited partnership; and DOES 1 through 10, inclusive,

  Defendants.

CASE NO. 10-CV-07266 PSG (PLAx)

[PROPOSED] FINAL ORDER AND JUDGMENT ON CLASS ACTION SETTLEMENT

Hearing: October 1, 2012[1]
Time: 1:30 p.m.
Courtroom: 880
Judge: Hon. Philip S. Gutierrez

[Filed Concurrently with Motion for Final Approval and Related Papers; Motion for Attorneys' Fees & Costs & Enhancement Award to Plaintiff and related papers; Wolff Declaration in Support of both Motions; Korovilas Declaration in Support of both Motions; Zarate Declaration in Support of Motions; and Additional Documentation Required by the Court's April 30, 2012 Order]

---

[1] This October 1, 2012 hearing date was reserved and set by Court order dated June 1, 2012.

1  On October 1, 2012, at 1:30 p.m., this Court, the Honorable Philip S. Gutierrez presiding, conducted the final fairness hearing on the parties' proposed Amended Stipulation and Agreement of Settlement (the "Settlement Agreement") and heard Plaintiff's unopposed motion for final approval of the Settlement Agreement and Plaintiff's unopposed motion for attorneys' fees and costs and enhancement award to Plaintiff pursuant to sections 2.4-2.5 of the agreement. Having carefully considered all papers submitted to the Court and all argument of counsel, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1) This Court has jurisdiction over the subject matter of this litigation and over all parties to the litigation, including all members of the class.

2) The Court hereby GRANTS plaintiff's unopposed motion for final approval of the Settlement Agreement.

3) The Court confirms as final its preliminary certification for settlement purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of a settlement class defined as follows:

> All mobility impaired disabled individuals who, between September 29, 2006, and June 1, 2011, used the Hyatt Regency Century Plaza hotel (the "Hotel") or the parking garage behind the hotel (the "Parking Lot") to use the Hotel's or Parking Lot's accommodations, and who Plaintiff alleges were denied full and equal access and/or enjoyment of those accommodations as a result of Defendants' alleged failure to provide adequate exterior disability access and/or related signage.  The settlement class shall be expressly limited to those individuals who, according to defendant Hyatt Corporation's records, requested an accessible room based on a mobility impairment at the Hotel for a stay between September 29, 2006 and June 1, 2011 and/or who complained in writing about mobility access at the Hotel and/or

1    Parking Lot during that time period (the "Settlement Class").

2    4)   The Court confirms as final its preliminary certification of
3    plaintiff Stephanie Wolff as the representative of the Settlement Class;

4    5)   The Court confirms as final its preliminary appointment of the
5    law firm of Wucetich & Korovilas LLP as class counsel pursuant to Rule 23(g) of
6    the Federal Rules of Civil Procedure;

7    6)   The Court finds that the class notice sent to the Settlement Class
8    by U.S. mail, e-mail, and publication pursuant to the Settlement Agreement and the
9    Court's orders constituted the best notice practicable under the circumstances, was
10   accomplished in all material respects, and fully met the requirements of Rule 23 of
11   the Federal Rules of Civil Procedure, due process, the United States Constitution
12   and any other applicable law.

13   7)   The Settlement Agreement and the terms set forth therein are
14   incorporated in this judgment by reference.  A true and correct copy of the
15   Settlement Agreement is attached to this Final Order and Judgment as Exhibit 1.
16   The Court finds that the Settlement Agreement and its terms are fair, just,
17   reasonable, and adequate in all respects.  The Court specifically finds that the
18   settlement is rationally related to the strength of plaintiffs' and Class members'
19   claims given the risk, expense, complexity, and duration of further litigation.  This
20   Court also finds that the Settlement Agreement is the result of arms-length
21   negotiation between experienced counsel representing the interests of the plaintiff,
22   the class, and defendants after thorough factual and legal investigation.

23   8)   The Court further finds that the response of the Settlement Class
24   to the settlement supports settlement approval.  No Settlement Class members have
25   filed or served objections to the Settlement Agreement, nor have any Settlement
26   Class members filed or served requests to be excluded from the class.  Further, no
27   objection has been filed by any state or federal official given noticed pursuant to 28
28   U.S.C. § 1715.

9) Defendants shall issue, and the claims administrator shall distribute, the gift certificates to all Settlement Class members who submitted a valid and timely claim form as provided in section 2.3 of the Settlement Agreement.

10) Defendants shall issue, and the claims administrator shall distribute, the gift certificates to the *cy pres* beneficiaries as provided in section 2.3 the Settlement Agreement.

11) Defendants shall comply with the requirements regarding construction changes to their properties to improve accessibility issues and the related monetary allocations regarding construction costs set forth in section 2.2 of the Settlement Agreement.

12) A full opportunity having been offered to the Settlement Class members to participate in the final fairness hearing, and no objections or requests for exclusions having been filed or served, it is hereby determined that all Settlement Class members are bound by this judgment and their claims released pursuant to the Settlement Agreement and dismissed with prejudice.

13) The Court also hereby GRANTS plaintiff's unopposed motion for attorneys' fees and costs and for an enhancement award to Plaintiff.

14) The Court finds plaintiff's counsel's request for attorneys' fees and reimbursement of costs in the amount of $135,000 is just and reasonable, warranting approval. Defendants shall pay this amount to plaintiff's counsel, Wucetich & Korovilas LLP, in accordance with the Settlement Agreement.

15) The Court also finds the request for an enhancement award to Plaintiff Stephanie Wolff in the amount of $30,000 is just and reasonable, warranting approval. Defendants shall pay this amount to Plaintiff in accordance with the Settlement Agreement.

16) Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction over: (a) enforcing the Settlement Agreement; (b) addressing settlement administration matters; (c) all parties for the

- 4 -

1 purpose of construing, enforcing, and administering the Settlement Agreement; and
2 (d) addressing any post-judgment matters as may be appropriate under court rules
3 or applicable law.
4       17)   Each party shall bear its own attorneys' fees, costs and expenses
5 except as expressly provided in the Settlement Agreement and in this judgment.

          IT IS SO ORDERED, ADJUDGED, AND DECREED.

DATED: October 1, 2012      _____

          Hon. Philip S. Gutierrez
          United States District Court Judge